# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVE RICKS<br><br>V.<br><br>IMPERIAL FIRE AND CASUALTY INSURANCE COMPANY | CIVIL ACTION<br><br>NO.: 23-2844 R(5)<br><br>JUDGE VANCE<br>MAGISTRATE JUDGE NORTH |

## MMA'S RESPONSE TO THE COURT'S MARCH 6, 2024 ORDER

**NOW COMES** non-party MMA Law Firm, PLLC (f/k/a McClenny, Moseley & Associates, PLLC) ("MMA"), through undersigned counsel, appearing for the limited purpose of presenting this response as ordered by the Court. The "guidance" Daly & Black seeks on the "scenarios" it has conjured in its supplemental briefing does not implicate the Court's limited jurisdiction. Its pending motion must be denied or dismissed.

For all the reasons previously explained and because neither MMA nor its creditors have or will assert any claim to attorney's fees or costs in the captioned matter, *Ricks v. Imperial Fire and Casualty Insurance Company*, Daly & Black's Motion for In Camera Approval and Allocation of Fees and Expenses must be denied as moot and as otherwise non-justiciable. Even if Article III of the Constitution permitted the Court to provide the "guidance" Daly & Black seeks regarding the "scenarios" it conjures bearing on whether and what amount of fees non-parties MMA and/or its creditors could potentially recover in this matter *if* any made such a claim (which they have not), both MMA and its creditors have waived any right or entitlement to attorney's fees or costs in the captioned (settled) matter. So, the requested guidance is as unnecessary as it is barred by Article III.

## The Relevant Proceeding

On February 21, 2024, the Court held a hearing on Daly & Black's Motion for In Camera Approval and Allocation of Fees and Expenses. During that hearing, the Court indicated (correctly) that the motion was moot because counsel for non-party MMA had confirmed in its briefing and in open Court that MMA did not intend to assert or file any claim with respect to any attorney's fees or costs it may have earned or incurred with respect to Mr. Ricks' settled claim. Daly & Black protested and pivoted, for the first time arguing that the Court should intervene to protect Daly & Black from a different "scenario": a potential claim by a different non-party to the settled matter, this time, MMA's creditors. The Court indicated it would entertain Daly & Black's request to submit supplemental briefing on Daly & Black's revised attempt to present a live justiciable claim, took the motion under submission, and ordered submission of the lien documents and any briefing Daly & Black wished to provide.[1]

On February 28, 2024, Daly & Black submitted its briefing, attaching the lien letter it discussed for the first time in Court.[2] In its supplemental briefing, Daly & Black conjures these "scenarios":

> If MMA is allowed to unilaterally waive its entitlement to fees, [MMA's creditors] will likely argue that [they have] a claim under [the] security agreements and that MMA breached the agreements. This breach could lead the Fund to initiate legal action that implicates both the Plaintiff and Daly & Black. [short case citation omitted]. Conversely, if the Court rules that MMA is ineligible for fees, it effectively extinguishes both MMA's and the Fund's claims to those fees, eliminating the grounds for the Fund to later challenge MMA's fee waiver. In either scenario, the Court's resolution on fee entitlement and its decision to secure any awarded fees in the Court's registry serve as crucial safeguards for the Plaintiff (and, admittedly, the [Daly & Black] law firm).[3]

---

[1] R. Doc. 41.
[2] R. Doc. 45.
[3] *Id.* at p. 5.

2

On March 6, 2024, the Court ordered MMA **[1]** "to file a supplemental brief addressing the argument set forth by Daly & Black [in its supplemental brief] and described [by the Court]" and **[2]** "to provide the Court with a complete and comprehensive list of every case currently pending in this District in which it intends to seek attorneys' fees and/or costs."[4]

## MMA's Response

As a threshold matter, MMA incorporates by reference as if completely set forth herein its prior briefing.[5] On this, Daly & Black's third, unsupported request for "guidance,"[6] there is still no justiciable controversy for the Court to resolve. Article III, which confines the federal judicial power to cases and controversies—and forbids guidance on scenarios—requires that the Court dismiss without prejudice Mr. Ricks'/Daly & Black's pending motion.

**[1]** The first part of the Court's Order—addressing the MMA creditor scenario—is addressed by Exhibit A, attached hereto to MMA's response. Exhibit A is a letter from counsel for Equal Access Justice Fund, LP and EAJF ESQ FUND, LP (the "Funds" or "MMA's creditors") to MMA's counsel confirming in writing that the "Funds hereby waive and release their respective security interest in attorneys' fees, if any, owed, due, or owing to [MMA] as borrower, or John Zachary Moseley and James McClenny, as guarantors [] arising out of or related to the [*Ricks*] Matter[.]" In the latest "scenarios" described in its supplemental briefing, Daly & Black still fails to identify or present a live dispute in the *Ricks* matter for the Court to resolve. None of Daly &

---

[4] R. Doc. 46. There, the Court describes Daly & Black's argument as "MMA's attempt to waive any rights to fees … could prejudice [Daly & Black] and expose it to legal action by MMA's creditor" and "the creditor's vested security interest and the risk of legal action against [Daly & Black] over MMA's entitlement to fees in this case creates a case or controversy such that the Court should not decline to address the fee issue in this case." *See id.* at p. 1. MMA respectfully submits that there is no "fee issue" in this case and that any fee ruling (pertaining to Daly & Black vis-à-vis MMA) would conflict with settled Article III jurisprudence and *Morris Bart, L.L.C. v. McClenny Moseley & Assocs., PLLC*, No. 23-1453, 2023 WL 6809815 (E.D. La. Oct. 16, 2023) (Africk, J.), *appeal dismissed by Morris Bart*.
[5] R. Doc. 36.
[6] R. Doc. 17-7, p. 2; R. Doc. 39, pp. 2, 4; R. Doc. 45, p. 2.

Black's arguments alter the fundamental legal principles MMA previously briefed, which compel dismissing Daly & Black's pending motion.[7]

**[2]** With respect to the second part of the Court's Order, MMA does not intend to intervene in any cases pending in this Court to seek attorneys' fees or costs.[8]

## Conclusion

Daly & Black has had multiple opportunities to demonstrate that a justiciable controversy is affirmatively presented to the Court to adjudicate fees in *Ricks*. Its briefing demonstrates its misunderstanding (or obstinate denial) regarding the concept of adjudication as well as the fundamental limits imposed by Article III on this Court's power to render advisory opinions, much less offer gratuitous "guidance" on "scenarios" that may or may not (or will not, as is the case in *Ricks*) come to pass. Daly & Black has failed to demonstrate *as a matter of law* that it is entitled to the guidance it seeks. Additionally, in the captioned matter, *as a matter of fact*, any guidance

---

[7] *See* R. Doc. 36. Daly & Black fails to controvert the fundamental Article III principles that preclude this Court from offering guidance in the absence of any live, concrete controversy between actual parties, much less between a non-party law firm against another non-party law firm pertaining to the potential creditor rights of yet another non-party. The Article III case or controversy requirement is not merely a hollow slogan, but, rather, a functional constitutional limit on the Court's power. Most glaringly absent is any attempt to contend with Judge Africk's opinion dismissing another plaintiff law firm's actual lawsuit against MMA in which MMA was named as a party. There, in *Morris Bart, L.L.C. v. McClenny Moseley & Assocs., PLLC*, Judge Africk dismissed for lack of Article III standing Morris Bart's lawsuit against MMA in which Morris Bart requested a declaration that MMA is not entitled to any fees in any cases taken over by the successor law firm. *See Morris Bart, L.L.C. v. McClenny Moseley & Assocs., PLLC*, No. 23-1453, 2023 WL 6809815, at *8 (E.D. La. Oct. 16, 2023), *appeal dismissed by Morris Bart*. It's déjà vu all over again, but for the fact that Daly & Black has not bothered to file an actual complaint, attempt to state any cause of action, or follow any cognizable procedure to tee up its "scenarios" in any concrete fashion. It merely—and blatantly—seeks only "guidance" on "scenarios." It is unclear what a ruling or declaration would even look like from this Court (what law applies to which facts?) and if any ruling would be enforceable against the various non-parties cast in Daly & Black's "scenarios." Any attempt to suggest the existence of a justiciable controversy is even more strained here than it was in *Morris Bart* because Daly & Black has not filed a lawsuit invoking the Court's jurisdiction, has not filed a formal "claim" against MMA seeking cognizable redress for concrete and particularized injury, and has not even attempted to meet the requirements of Article III standing against either MMA or its creditors. Regardless, abstract requests for guidance regarding potential "scenarios" in the absence of an actual dispute are improper and forbidden.

[8] MMA does not waive any rights, other than to notify the Court that it does not intend to file interventions in any cases in this Court. MMA specifically reserves its right to institute proceedings against successor law firms like Daly & Black to advance any claims it may have for breach of contract, or any other remedy it may pursue under the law, against any firms that have caused MMA redressable harm.

4

would be wholly gratuitous.  The Court need not grapple with whether it may offer a gratuitous ruling on "scenarios" respecting non-parties or otherwise "bless" Daly & Black's decision/hope that it need not allocate fees to MMA or its creditors because *as a matter of fact* MMA has not and will not file a claim to recover any such fees or expenses in the captioned *Ricks* matter and MMA's creditors' written waiver of any such recovery in *Ricks* unmistakably dooms Daly & Black's Motion for In Camera Approval and Allocation of Fees and Expenses.  There is nothing for the Court to allocate, and no abstract guidance for the Court to provide for Daly & Black vis-à-vis any of these non-parties.  Daly & Black's motion must be dismissed as moot.

Respectfully submitted,

*/s/Andrea L. Miller*
William P. Gibbens, 27225
Andrea L. Miller, 40882
SCHONEKAS, EVANS, MCGOEY
& MCEACHIN, L.L.C.
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
(504) 680-6065
billy@semmlaw.com
annie@semmlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of this electronic filing to all counsel of record.

/s/Andrea L. Miller
Andrea Miller